UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
ANTHONY M. COLE,

               Plaintiff,

         - against -

SUFFOLK COUNTY CORRECTIONAL
FACILITY *et al.*,

               Defendants.
------------------------------------------------------------ X

**MEMORANDUM DECISION AND ORDER**

20-cv-1883 (BMC) (AYS)

**COGAN**, District Judge.

    Plaintiff *pro se*, a prisoner in the Suffolk County Correctional Facility, brings this § 1983 lawsuit against two correctional facilities, the Suffolk County Sheriff's Office, three sheriff's deputies, and three corrections officers. Although plaintiff's complaint identifies several acts of misconduct by certain prison and law enforcement personnel, none of the alleged acts rises to the level of a constitutional violation.

## BACKGROUND

    Plaintiff is currently incarcerated in the Suffolk County Correctional Facility in Riverhead, New York, although it isn't clear whether he is a pre-trial detainee or a convicted prisoner. He alleges two separate instances of genital contact by two different sheriff's deputies; one instance of allegedly inappropriate contact during a frisk search by a corrections officer; one instance of verbal mistreatment by a corrections officer; and various instances of being denied access to court proceedings and certain prison amenities.

    The first incident occurred when plaintiff was pulled out of his cell for a pat frisk. Plaintiff alleges that he was instructed to exit his cell and place his hands on the bars for the search. During the frisk, "Correction Officer John Doe #1 pulled [plaintiff's] uniform pants back

[along with] his underwear and looked at [his] rear end and then pulled them up into [his] rear end." The next day, plaintiff filed a complaint with Internal Affairs and met with investigators the day after that.

The second incident occurred a few weeks later. Upon returning from the prison medical unit, plaintiff "inquired with Correction Officer John Doe #2 if [he] would be allowed to receive the remaining time out for recreation." Plaintiff also asked if, as an alternative, he could use his remaining recreation time to make a phone call. Apparently without receiving an answer, plaintiff began walking outside when the corrections officer started to yell at him, saying things like "[d]on't you turn your back to me when I'm talking to you" and "[y]ou're going to end up like the other s__t that came back from medical [who] [h]ad the nerve to give me mouth." Later that day, the same corrections officer again berated plaintiff about "running [his] mouth," although plaintiff maintains he never said anything else to the officer. Presumably because of this interaction, plaintiff was denied one hour of exercise time, one hour of phone usage, and the ability to take a shower that day.

The third incident occurred in February 2020 when, at the "booking section" of the Yaphank Correctional Facility, a sheriff's deputy (who plaintiff refers to as Sheriff Deputy John Doe #1) began to pat frisk plaintiff. During the frisk, the deputy groped plaintiff's genitals. Later, while the inmates were boarding the bus back to Suffolk County Correctional Facility, that same deputy took a photograph of plaintiff with his phone camera. Plaintiff filed a grievance regarding the deputy's conduct, but no administrative action was taken.

The fourth incident occurred about a month later, again in the "booking section of Yaphank Correctional Facility during the Riverhead Correctional Facility return run." This time, however, it was "Sheriff Deputy John Doe #2" who groped plaintiff "several times." After the

first time, plaintiff told the deputy to "watch his hands." In response, the deputy "became more aggressive while pat frisking [plaintiff]" and continued to grope plaintiff's penis and scrotum. Upon plaintiff complaining to the deputy that this conduct violated his rights, "Sheriff Deputy #3" approached plaintiff from behind and whispered in his ear that plaintiff should be quiet, "or else."

Plaintiff also alleges that, on various occasions in 2019 and 2020, he was denied certain privileges, including "the right of access to the courts," the "right to make electronic testimony before Bronx Family Court," and "the right to make an appearance" at several other court proceedings despite court documents ordering that he attend via telephone.

Based on the foregoing, plaintiff alleges that he suffered psychological and emotional harm from defendants' physical and sexual abuse, excessive force, and official misconduct. For these various claimed injuries, plaintiff seeks $7,000,000 in damages.

## DISCUSSION

*Pro se* complaints are "held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted). However, they must still plead "enough facts to state a claim to relief that is plausible on its face," Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007), and to "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Although the Court assumes all factual allegations contained in the complaint to be true, this principle is "inapplicable to legal conclusions." Id.

Under 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss an *in forma pauperis* action if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief from a defendant who is immune from such

relief." An action "is frivolous when either: (1) the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy; or (2) the claim is based on an indisputably meritless legal theory." Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998) (internal quotation marks and citation omitted).

A claim alleging deprivation of rights under 42 U.S.C. § 1983 requires that a plaintiff demonstrate that the challenged conduct was "committed by a person acting under color of state law," and that the conduct "deprived [the plaintiff] of rights, privileges, or immunities secured by the Constitution or laws of the United States." Cornejo v. Bell, 592 F.3d 121, 127 (2d Cir. 2010). Furthermore, a plaintiff must show that each of the named defendants was personally involved in the wrongdoing or misconduct complained of. See Farrell v. Burke, 449 F.3d 470, 484 (2d Cir. 2006) (quoting Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994)).

Most of this complaint evidences nothing more than that plaintiff wasn't treated kindly by the prison staff overseeing him, which does not state a claim under § 1983. See Banks v. Cty of Westchester, 168 F. Supp. 3d 682, 691 (S.D.N.Y. 2016) ("[C]ourts have consistently held that 'the mere allegation of verbal abuse, however repugnant it may be, does not rise to the level of a constitutional violation and is not cognizable under § 1983.") (quoting Webster v. Fischer, 694 F. Supp. 2d 163, 187 (N.D.N.Y.2000), aff'd, 398 F. App'x 683 (2d Cir. 2010) and citing cases). Moreover, even certain recognized protections from state intrusion and mistreatment in the normal course are voided while under incarceration. See Hudson v. Palmer, 468 U.S. 517, 542 (1983) ("[I]mprisonment carries with it the circumscription or loss of many significant rights."); Bell v. Wolfish, 441 U.S. 520, 546 (1979) ("[M]aintaining institutional security and preserving internal order and discipline are essential goals that may require limitation or retraction of the retained constitutional rights of both convicted prisoners and pretrial detainees.").

Thus, to the extent plaintiff is pursuing causes of action for verbal abuse and the limited curtailment of his phone, recreation, and shower privileges, his allegations do not state a claim under the Constitution or laws of the United States. In addition, although plaintiff complains of not receiving access to the courts on certain dates, the instant complaint demonstrates that his rights in this regard have not been cut off completely, even if they have been delayed. See Banks, 168 F. Supp. 3d at 693-94 ("Plaintiff's ability to ultimately pursue his legal claims in this Court necessarily precludes a constitutional claim based on denial of access to the courts.").[1]

Turning to the allegations concerning physical contact, plaintiff's description of the deputies' genital groping is inadequate to state a claim under §1983. Instances of sexual contact by prison officials violate the constitution if they disturb "contemporary standards of decency" and are "objectively, sufficiently serious enough." See Boddie v. Schneider, 105 F.3d 857, 861 (2d Cir. 1997) (*colatus*[2]); see also Thompson, 284 F.3d at 416-18; Liner, 196 F.3d at 135. "[A]n inmate pursuing a sexual abuse claim under the Eighth Amendment must allege both subjective and objective elements, namely that the 'officer's intentional contact with an inmate's genitalia or other intimate area . . . serves no penological purpose and is undertaken with the intent to gratify the officer's sexual desire or humiliate the inmate.'" Lewis v. Huebner, No. 17-cv-8101, 2020 WL 1244254, at *9 (S.D.N.Y. Mar. 16, 2020) (quoting Crawford v. Cuomo, 796 F.3d 252, 257 (2d Cir. 2015)).

In applying this standard, courts have held that "brief contact with an arrestee's . . . genital area during a pat-down, without more, is insufficient" to state a constitutional claim.

---

[1] Plaintiff also alleges that he was "denied the right to make an appearance" in Bronx Family Court, where he was scheduled to "make electronic testimony" before Magistrate Judge Paul Ryneski. However, the Court isn't aware of a federal provision safeguarding a right to testify in a civil case. To the extent plaintiff suffered any negative repercussions from not testifying or appearing – which might conceivably trigger some due process concerns – he has not stated so in his complaint.
[2] I.e., edited citation.

5

Scalpi v. Amorim, No. 14-cv-2126, 2018 WL 1606002, at *18 (S.D.N.Y. Mar. 29, 2018). Even allegations that a corrections officer "rub[bed] plaintiff's inner thighs, buttocks, and genitals in increments of four to five . . . seconds . . . lasting between forty-three and fifty-three seconds" during a frisk have been held insufficient to sustain an Eighth Amendment claim. See Harry v. Suarez, No. 10-cv-6756, 2012 WL 2053533, at *3 (S.D.N.Y. June 4, 2012). And allegations that a corrections officer repeatedly fondled a prisoner's testicles during a frisk have likewise failed to state an Eighth Amendment claim. See Williams v. Keane, No. 95-cv-379, 1997 WL 527677, at *9-11 (S.D.N.Y. Aug. 25, 1997).

Although a convicted prisoner's sexual abuse claims are analyzed under the Eighth Amendment, a "pretrial detainee's claims of unconstitutional conditions of confinement are governed by the Due Process Clause of the Fourteenth Amendment." See Darnell v. Pineiro, 849 F.3d 17, 29 (2d Cir. 2017). In general, a pretrial detainee's "due process rights . . . are at least as great as the Eighth Amendment protections available to a convicted prisoner." City of Revere v. Massachusetts, 463 U.S. 239, 244 (1983). Yet despite differences between the Eighth and Fourteenth Amendments in certain contexts, courts in this Circuit apply "the established Eighth Amendment framework for claims of sexual abuse by prison officials" to pretrial detainees. See Harry v. Suarez, No. 10-cv-6756, 2012 WL 2053533, at *2 n.3 (S.D.N.Y. June 4, 2012) (citing cases).[3]

In this case, the complaint fails to state a claim under either the Eighth or Fourteenth Amendment. Plaintiff alleges two instances of "groping," which is itself a vague term. And those instances do not appear to have been particularly lengthy or violent, as the frisks were

---

[3] However, some cases indicate that the Fourteenth Amendment standard may be satisfied by a lesser showing than is required under the Eighth Amendment. See Lewis, 2020 WL 1244254, at *9 (colatus) ("[I]t is presently unclear whether both prongs required for Eighth Amendment sexual abuse claims are also required for claims of sexual abuse under the Fourteenth Amendment.").

carried out in the public "booking section" of a correctional facility in the presence of a busload of other people. The better-described incident of the two, in which plaintiff alleges that the deputy, while performing a frisk, "grop[ed] my penis and scrotum and then br[ought] his forearm into my scrotum," is too similar to the type of incidental contact accompanying a run-of-the-mill pat down to reasonably infer any inappropriate touching or malicious intention. The other incident, about which plaintiff only alleges that the deputy "also groped my genitals during the pat frisk," describes even less contact, although the fact that the deputy later took a photograph of plaintiff on the bus is certainly a detail that could point to his "intent to . . . humiliate the inmate.'" Lewis, 2020 WL 1244254, at *9. In sum, neither of these incidents, as set forth in the complaint, "involve a harm of federal constitutional proportions as defined by the Supreme Court." See Boddie, 105 F.3d at 861-62 (citing Farmer v. Brennan, 511 U.S. 825, 833-34 (1994); Rhodes v. Chapman, 452 U.S. 337, 348-49 (1981)).

Nor does the allegation that "Correction Officer John Doe #1 pulled [plaintiff's] uniform pants back [along with] his underwear and looked at [his] rear end and then pulled them up into [his] rear end" state a claim under § 1983. Slight contact of this sort is to be expected during a frisk. Plaintiff does not aver that the officer was particularly rough or that he acted with aggression towards plaintiff or that he caused any injury. At most, the Court can infer from plaintiff's description is that he suffered a mild wedgie as a result of the officer pulling plaintiff's pants back up.

## CONCLUSION

The complaint is dismissed. Plaintiff's [2] request to proceed *in forma pauperis* is granted. In light of plaintiff's *pro se* status, the Court will permit him to file an amended complaint within 20 days from the date of this Order if he believes that he left out any material

7

information in his first complaint.  Plaintiff must also state whether he is a pre-trial detainee or a convicted prisoner.  The amended complaint must be labeled "Amended Complaint" and include the index number of this case (20-cv-1883).  This amended complaint will completely replace plaintiff's original complaint.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal.  See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

_____
U.S.D.J.

Dated: Brooklyn, New York
          May 2, 2020